Date signed December 17, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | |
| DORSEY MANAGEMENT, LLC | : | Case No. 09-27444PM |
| | : | Chapter 11 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| CAPITAL CENTRE, LLC | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| DORSEY MANAGEMENT, LLC | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case is before the court on two motions filed by Capital Centre, LLC. Capital Centre seeks relief from the automatic stay of 11 U.S.C. § 362(a). The second motion seeks immediate payment of the post-petition rent, the allowance of an administrative claim, and an order deeming the lease to be rejected and to compel the Debtor to surrender the premises immediately.

Capital Centre is Debtor's landlord for its business premises and holds a claim for accrued rent and charges amounting to $152,655.06. Debtor has not made any rental payments since the filing of this bankruptcy case under Chapter 11 on September 16, 2009.

Debtor does not oppose the Motion for Relief from Stay, asserting in part that were it able to raise the money in time, it would exercise its right to redeem the lease premises pursuant to MD CODE ANN. REAL PROP § 8-401(e) (2009). Capital Centre asserts that provision of

Maryland law is inapplicable to this case by virtue of § 2704 of the Lease that provides: "Tenant hereby waives all rights of redemption granted by any present or future Laws." The determination of the efficacy of that provision of the Lease is best left to the Maryland courts. *Cf. Zazanis v. Gold Coast Mall, Inc.*, 492 A.2d 953, (Md. App. 1985). Given the current business climate, the considerable amount of rental space available for restaurants, and the poor condition of the hospitality industry, the court would not be surprised if Capital Centre accepted Debtor's offer of redemption. On the other hand, given those same factors, the court wonders about the wisdom of Debtor investing another $250,000.00 in this enterprise, a sum that would cover only the payment of post-filing rent due and assumption of the Lease under its Chapter 11 Plan.

As a start, Capital Centre is entitled to an administrative claim for post-petition rent due from the date of the filing of the petition until such time as the Lease is assumed or rejected. *In re Geonex Corp.*, 258 B.R. 336 (BC Md. 2001). In the circumstances presented, it is appropriate to require the Debtor to pay the rent that accrued after the filing of this bankruptcy case. To that end, the court will require the payment of $25,000.00 by the Debtor to Capital Centre, LLC, on or before December 30, 2009; the sum of $50,000.00 on or before January 30, 2010; an additional sum of $50,000.00 on or before February 28, 2010, the sum of $50,000.00 on or before March 30, 2010, and with all post-filing rent and expenses to be paid on or before April 30, 2010. In the event the Debtor fails to make any of the payments by the date required, Debtor shall surrender the premises no later than fourteen (14) days after the due date of the missed payment.

Counsel for Capital Centre, LLC, shall submit an appropriate Order on notice.

cc:
Matthew G. Summers, Esq., Ballard Spahr, 300 East Lombard Street, Baltimore, MD 21202
Jeffrey Sirody/Marc Ominsky, Esq., 1777 Reisterstown Road, #360E, Baltimore, MD 21208
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**